STINSON

Brad D. Jones
**PARTNER**
DIRECT: 202.572.9903
OFFICE: 202.785.9100
brad.jones@stinson.com

November 10, 2026

*Sent via Certified Mail, Return Receipt Requested, and Email*

Sojourn, LLC
ATTN: Dunniela Kaufman, Registered Agent
411 East Capitol Street SE, Unit 1
Washington, DC 20003
dunnzy@sojourndc.com

**Re: Demand for Turnover of Rents and Accounting Pursuant to 11 U.S.C. § 542 ; *In re Crowley*, Case No. 26-00509-ELG (Bankr. D.D.C.)**

Ms. Kaufman:

Stinson LLP represents Andrea Campbell Davison, the duly appointed chapter 7 trustee (the "Trustee") of the bankruptcy estate of Shane Crowley (the "Debtor"). On October 2, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Columbia (the "Court").

We understand that Sojourn, LLC ("Sojourn") manages and collects rents and other income from, the real property located at (i) 1200 Eton Ct NW, Washington D.C. 20007; (ii) 1202 Eton Ct NW, Washington D.C. 20007; and (iii) 1204 Eton Ct NW, Washington D.C. 20007 (the "Eton Properties"). The Eton Properties are owned by Eton Ct Dev LLC, a District of Columbia limited liability company (the "Company"). The Debtor, Shane Crowley, is the sole member of the Company.

Upon the filing of the petition, an estate was created consisting of all legal and equitable interests of the Debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). The Debtor's membership interests in the Company became property of the estate, subject to the Trustee's management authority. As a result, the Trustee is exercising her rights as the sole member of the entities. This includes exercising her management authority over the Eton Properties by providing direction to the management company to protect the assets of these entities, including, but not limited to, the safeguarding of all rental proceeds generated by the Eton Properties.

The estate also includes "[p]roceeds, product, offspring, rents, or profits of or from property of the estate." 11 U.S.C. § 541(a)(6). Accordingly, all rents, security deposits, and other funds collected or held on account of the Eton Properties are property of the estate subject to the Trustee's exclusive control. Section 542(a) of the Bankruptcy Code requires any entity in possession, custody, or control of property that the Trustee may use, sell, or lease to deliver that property, or its value, to the Trustee and to account for it.

The Debtor has represented to the Trustee and the Court that the aggregate monthly rental income from the Eton Properties totals $34,000 as follows: (a) $12,000 from 1200 Eton; (b) $10,000 from 1202 Eton; and (c) $12,000 from 1204 Eton (the "Monthly Gross Rental Income").

The Trustee hereby demands that, no later than 5:00 p.m. Eastern Time on November 16, 2026 (the "Deadline"), you:

1. Deliver to the Trustee all rents, security deposits, other deposits, fees, and other funds collected or held on account of the Eton Properties as of the date of this letter, by wire transfer using the enclosed instructions (please verify wire instructions by telephone with our office before sending any funds);

2. Immediately cease disbursing any funds collected on account of the Eton Properties to any person or entity, including the Debtor, without the Trustee's prior written consent;

3. Remit to the Trustee, within two (2) business days of receipt, all rents and other income collected on account of the Eton Properties, until otherwise directed in writing by the Trustee;

4. Provide a complete written accounting, from October 1, 2025 through the date of delivery, of all rents and other income received and all disbursements made, including payee, date, amount, and purpose of each disbursement; and

5. Provide copies of the following: (a) the Management Agreement and any amendments; (b) a current rent roll identifying each tenant, unit, monthly rent, security deposit held, lease term, and delinquency; (c) all current leases; (d) bank statements for every account in which rents or deposits for the Eton Properties have been held during the accounting period; (e) any vendor contracts, insurance policies, and outstanding invoices relating to the Eton Properties; and (f) contact information for each tenant.

If you fail to comply fully by the Deadline, the Trustee may seek appropriate relief from the Court without further notice, which may include an order compelling turnover and an accounting under 11 U.S.C. §§ 542 and 543, a judgment for the value of the property, a determination of stay violations, and an award of fees and costs as permitted by law.

The Trustee will evaluate whether to continue the Management Agreement in connection with the administration of the Eton Properties. Nothing in this letter authorizes you to offset or retain estate funds. Please note that, absent Court approval, the Trustee does not assume the Management Agreement, and nothing herein constitutes an assumption of, or consent to, any agreement. Nothing in this letter is intended to be, or should be construed as, a waiver or release of any rights, claims, or remedies of the Trustee or the estate, all of which are expressly reserved.

We appreciate your prompt cooperation.

Sincerely,

**Stinson LLP**



Brad D. Jones

Enclosure